UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROSANNA BARRERA, SAGE BARRERA, JENESEY BARRERA, and ANDREA PEREZ, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | SA-18-CA-1149-XR (HJB) |
| DEAN CHERER Individually and on Behalf of Chererco LLC, LEROY SCOTT, GRACE KUNDE, and Guadalupe County Constable Pct. 2 JIMMY HARLESS, | § § § § § | |
| Defendants. | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Xavier Rodriguez:**

This Report and Recommendation concerns the status of this 42 U.S.C. § 1983 civil rights case, which was referred to the undersigned for consideration of the application to proceed *in forma pauperis* ("IFP") and a review under 28 U.S.C. § 1915(e), pursuant to this Division's September 29, 2017, Standing Order. For the reasons set out below, I recommend that the Court **DISMISS** this case for lack of subject matter jurisdiction.

## I.      Jurisdiction.

Plaintiff's case is brought under § 1983 and state common law. This Court has jurisdiction to consider 42 U.S.C. § 1983 claims pursuant to 28 U.S.C. § 1331, and may consider pendent state claims pursuant to 28 U.S.C. § 1367. I have authority to issue this Report and Recommendation pursuant to 28 U.S.C. § 636(b).

## II.    Background.

This case concerns a residence on Redwood Road in San Marcos, Texas. According to the amended complaint, Esequiel and Mary Angela Barrera bought the property in 2001. (Docket Entry 10, at 3.) Although it was purchased with community funds, the property was placed in Mr. Barrera's name. (*Id.*) In 2010, a default judgment was entered against Mr. Barrera for nonpayment of property taxes. Mrs. Barrera allegedly had no knowledge of or involvement in the tax suit. (*Id.*)

Mrs. Barrera died intestate in January 2012, leaving her children, including Plaintiffs Rosanna Barrera, Sage Barrera, Jenesey Barrera, and Andrea Perez, with a one-half interest in the property. Sage Barrera was living at the Redwood residence at the time of Mrs. Barrera's death. (Docket Entry 10, at 3.)

In January 2013, Defendant Chererco, LLC ("Chererco") obtained a "tax resale deed" for the property. (*Id.* at 4.) Defendant Dean Cherer, agent for Chererco, demanded that Sage and her sister, Plaintiff Jenesey Barrera, sign a lease to rent the residence; they refused. (*Id.*) State litigation ensued, ultimately resulting in judgment for Chererco, and forcible removal of the Barreras from the property in 2017. (*See id.* at 4–12.) Apparently, Defendant Grace Kunde was the attorney who represented Defendants Cherer and Chererco in the state litigation; Defendant Leroy Scott represented Plaintiffs; Justice of the Peace Sheryl Sachtleben entered judgment for Cherer; and Defendant Constable Jimmy Harless executed the judgment, removing Plaintiffs from the property in 2017. (*Id.*) Plaintiff Rosanna Barrera filed a petition to reenter the property, but Justice of the Peace Sachtleben denied the petition. (*Id.*) There is no indication in the complaint that any state proceedings are continuing at this time.

2

Plaintiffs filed this § 1983 action on November 1, 2018, alleging a constitutional deprivation of property, as well as state-law claims for breach of fiduciary duty, abuse of process, trespass, conversion, and intentional infliction of emotional distress. (Docket Entry 3, at 18–21.) Plaintiffs named Cherer and Chererco as Defendants, along with attorneys Kunde and Leroy Scott; also listed in the caption, but not named as Defendants, were Justice of the Peace Sachtleben and Constable Harless. (*Id.* at 1–2.)

On November 6, 2018, the undersigned issued a Show Cause Order, allowing Plaintiffs to proceed IFP, but requiring them to provide more information to show why their case should not be dismissed for lack of jurisdiction. (Docket Entry 2.) The Order advised Plaintiffs that § 1983 applies to defendants who are acting "under color of state law"; those Defendants listed as parties in the complaint appeared to be private citizens, and Plaintiffs did not explain how they qualified as state actors capable of violating constitutional rights. (*Id.* at 2.) The Show Cause Order further advised Plaintiffs that their claims appeared to be a re-litigation of a prior state court dispute, and that the Court was barred from considering such disputes by the *Rooker-Feldman*[1] doctrine. (*Id.* at 3–4.) Finally, to the extent that Plaintiffs intended to name Justice of the Peace Satchleben as a Defendant for her actions in the state litigation, the Order advised Plaintiffs that she was protected by judicial immunity. (*Id.* at 4.) The Show Cause Order required Plaintiffs to cure the deficiencies in their pleadings by filing an amended complaint. (*Id.*)

Plaintiffs submitted their amended complaint on December 6, 2018. (*See* Docket Entry 10.) In the amended complaint, Plaintiffs removed Justice of the Peace Satchleben from the caption, and

---

[1] *See Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

specifically named Constable Harless as a Defendant. (*Id.* at 1, 3.)  Plaintiffs alleged that attorneys Kunde and Scott "acted under color of law" in the state litigation, and "deprived Plaintiffs of their Constitutional rights of a full and fair opportunity to litigate their Federal claims." (*Id.* at 19.)  They further alleged that attorney Kunde acted under "state compulsion" in preparing orders for the state court, and that Constable Harless conducted an illegal seizure of the Redwood property. (*Id.* at 10, 12, 19.)  However, the amended complaint made no reference to the *Rooker-Feldman* doctrine, and it failed to explain how Plaintiff's federal § 1983 suit was anything other than a collateral attack on a prior state judgment.

## III.   Analysis.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  They "may exercise only that jurisdiction which Congress has prescribed." *Id.*  Absent a proper basis for subject matter jurisdiction, a case must be dismissed. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 96 (1998).  The Court is empowered to examine its own jurisdiction *sua sponte. Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).  In this case, the Court lacks jurisdiction over Plaintiff's claims under the *Rooker–Feldman* doctrine.

The *Rooker-Feldman* doctrine holds that "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994).  The doctrine applies to parties who lost in state court and then subsequently file federal lawsuits "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  The doctrine extends both to the state court judgment and to issues that are "'inextricably intertwined' with a state judgment; if

4

"the court is 'in essence being called upon to review the state-court decision,' the court lacks subject matter jurisdiction to conduct such a review." *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995) (internal quotations and citations omitted).

The *Rooker-Feldman* doctrine applies even when a plaintiff frames the federal case in terms of a deprivation of civil rights. "[L]itigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *See Hale v. Harney*, 786 F.2d 688, 690–91 (5th Cir. 1986), *abrogation on other grounds recognized by Gross v. Dannatt*, 736 F. App'x 493 (5th Cir. 2018). Morever, because *Rooker-Feldman*'s jurisdictional bar extends to actions "inextricably intertwined" with state suits, it can require dismissal of federal suits brought against state officers who take official actions enforcing judgments in the state suits. See, e.g., *Ladowski v. Atty Gen. of Texas.*, No. CAVA H-05-1428, 2006 WL 2479101 (S.D. Tex. Aug. 25, 2006) (dismissing § 1983 claim that attempted to block enforcement of state district court child-support order). The *Rooker-Feldman* doctrine applies to attempts to attack collaterally the validity of state court judicial foreclosures, writs of execution, and related matters. *See. e.g. , Flores v. Citizens State Bank of Roma, Texas*, 132 F.3d 1457 (5th Cir. 1997); *Magor v. GMAC Mortg., L.L.C.*, 456 F. App'x 334, 335–36 (5th Cir. 2011).

Here, Plaintiffs allege that they were denied due process by their failed state litigation over the ownership of the Redwood Road property. They allege that they were deprived of their ownership rights and a full and fair state court hearing due to "ulterior motives" of the state judge, the parties who prevailed in the litigation concerning ownership of the property, and even the lawyers involved. (Docket Entry 10, at 18–21. ) Plaintiffs further allege that, as a result of the improper court proceedings, the constable who removed from them from the property acted in violation of the

Fourth and Fourteenth Amendments. (*Id.* at 18–19.) Plaintiffs' claims clearly "implicate the validity" of the outcome of the prior state litigation; Plaintiffs challenge the outcome of that litigation in an effort to seek "legal determinations that would allow [them] to retain possession of [their] home." *Magor*, 456 F. App'x 335–36. Because reversal of the state court's judgment "would be a necessary part of the relief requested," the *Rooker-Feldman* doctrine divests this Court of subject-matter jurisdiction. *Id.* at 336; *cf. Breitling v. LNV Corp.*, No. 3:15-CV-0703-B, 2016 WL 852963, at *2 (N.D. Tex. Mar. 4, 2016) (federal court lacked jurisdiction over proposed quiet title and "illegal foreclosure" claims based on prior state foreclosure judgment). "Judicial errors committed in state courts are for correction in the state court systems, at the head of which stands the United States Supreme Court; such errors are no business of ours." *Hale*, 786 F.2d at 691.

## IV.    Conclusion and Recommendation.

For the reasons set out above, I recommend that, because the Court lacks subject-matter jurisdiction, this case must be **DISMISSED**.

## V.    Instruction for Service and Notice for Right to Object.

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.

Written objections to this Report and Recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically

6

identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on December 27, 2018.

Henry J. Bemporad
United States Magistrate Judge