IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROSANNA BARRERA, SAGE BARRERA, JENESEY BARRERA, and ANDREA PEREZ | § § § § | |
| *Plaintiffs,* | § § | Civil Action No. SA-5:18-CV-1149-XR |
| v. | § § | |
| DEAN CHERER INDIVIDUALLY AND ON BEHALF OF CHERERCO LLC, LEROY SCOTT, GRACE KUNDE, CONSTABLE JIMMY HARLESS PCT. 2, and GUADALUPE COUNTY | § § § § § § | |
| *Defendants.* | § § | |

## ORDER

On this date, the Court considered United States Magistrate Judge Henry J. Bemporad's Report and Recommendation regarding the above numbered and styled case, filed December 28, 2018 (Docket No. 11), and Plaintiffs' objections, filed January 25, 2019 (Docket No. 20). After careful consideration, the Court ACCEPTS Magistrate Judge Bemporad's recommendation and DISMISSES Plaintiffs' claim against Constable Harless for lack of subject matter jurisdiction, as well as Plaintiffs' constitutional and conspiracy claims against Defendants Cherer, Kunde and Scott for failure to state a claim upon which relief may be granted. The Court further DECLINES to exercise supplemental jurisdiction over Plaintiffs' remaining state claims.

## BACKGROUND

This case is primarily concerned with a residence on Redwood Road in San Marcos, Texas, purchased in 2001 by Esequiel and Mary Angela Barrera. Docket No. 10 at 3**.** The property was purchased with community funds; however, it was placed solely in Mr. Barrera's name. *Id*. In

1

2010, a default judgment was entered against Mr. Barrera for nonpayment of property taxes, and a tax suit ensued. *Id*. Mrs. Barrera allegedly had no knowledge of or involvement in the tax suit. *Id*.

Mrs. Barrera died intestate in January 2012 and left a one-half interest in the property to her children, who are Plaintiffs in the present case: Rosanna Barrera, Sage Barrera, Jenesey Barrera, and Andrea Perez. *Id*. Sage Barrera was living at the Redwood residence at the time of Mrs. Barrera's death. *Id*. In January 2013, Defendant Chererco, LLC ("Chererco") obtained a tax resale deed for the property. *Id*. at 4. Defendant Dean Cherer, agent for Chererco, demanded that Sage and her sister, Plaintiff Jenesey Barrera, sign a lease to rent the property; they refused. *Id*.

State litigation ensued, ultimately resulting in judgment for Chererco and forcible removal of the Barrera's from the property in 2017. *See id*. at 4–12. Defendant Grace Kunde was the attorney who represented Defendants Cherer and Chererco in the state litigation; Defendant Leroy Scott represented Plaintiffs; Justice of the Peace Sheryl Sachtleben entered judgment for Cherer; and Defendant Constable Jimmy Harless executed the judgment, removing Plaintiffs from the property in 2017. *Id*. Plaintiff Rosanna Barrera filed a petition to re-enter the property, but Sachtleben denied the petition. *Id*.

## PROCEDURAL HISTORY

Plaintiffs, acting *pro se*, filed their initial Complaint on November 1, 2018, and were granted leave to proceed in forma pauperis ("IFP"). Docket Nos. 2, 3. Plaintiffs' First Complaint brought claims for conspiracy under 42 U.S.C. § 1983, alleging an unconstitutional deprivation of property and due process, and state-law claims for abuse of process, trespass, conversion, and intentional infliction of emotional distress. Docket No. 3 at 11-20; Docket No. 11 at 3.

Magistrate Judge Bemporad issued a Show Cause Order on November 7, 2018. Docket No. 2. The order noted specific deficiencies in the pleading, including: (1) Plaintiffs' failure to demonstrate how a 42 U.S.C. § 1983 civil rights claim could be properly asserted against certain Defendants, who are non-state actors; and (2) the naming of an actor who is protected by judicial immunity. *Id*. at 1, 4. Additionally, Plaintiffs were informed their complaint was subject to dismissal under the *Rooker-Feldman* doctrine because it appears to bring a federal claim that collaterally attacks a state court ruling. *Id*. at 2-3; *see Rooker v. Fidelity Tr. Co*., 263 U.S. 413 (1923); *Dist. Of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Plaintiffs filed their First Amended Complaint in response to the Show Cause Order on December 6, 2018. Docket No. 10. In the amended complaint, Plaintiffs removed Sachtleben from the caption, and specifically named Constable Harless as a Defendant. *Id*. at 1, 3. Plaintiffs further clarified their existing claims against Defendants Kunde and Scott, alleging the attorneys "acted under color of law" in the state litigation, and "deprived Plaintiffs of their Constitutional rights of a full and fair opportunity to litigate their Federal claims." *Id*. at 19. Additionally, plaintiffs allege that attorney Kunde acted under "state compulsion" in preparing orders for the state court, and that Constable Harless conducted an illegal seizure of the Redwood Property. *Id*. at 10, 12, 19.

While this response addressed some of the issues raised, the amended complaint failed to adequately remedy the Court's concerns, and Magistrate Judge Bemporad issued his Report and Recommendation on December 28, 2018, recommending Plaintiffs' case be dismissed for lack of subject matter jurisdiction. *Id*. at 6.

On January 25, 2019, Plaintiffs filed a Second Amended Complaint and specific objections to Judge Bemporad's report. Docket Nos. 20, 21. In this revision, Plaintiffs appear to have removed their Fourth Amendment and illegal seizure claims against Constable Harless. *Compare* Docket

3

No. 10 at 19 *with* Docket No. 21 at 17. Plaintiffs' remaining claims can be found in Counts 1-3 of their Second Amended Complaint, in which Plaintiffs re-allege their conspiracy claim under 42 U.S.C. § 1983 and state law claims of abuse of process and intentional infliction of emotional distress. *See id*. at 17-19.

## DISCUSSION

### I. Legal Standard

Any Report or Recommendation issued by a Magistrate Judge that is properly objected to requires *de novo* review. *See* U.S.C. 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Such a review means the Court will examine the entire record and make an independent assessment of the law. The Court need not, however, conduct a *de novo* review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Additionally, "[p]arties filing objections must specifically identify those findings objected to." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982).

As provided by Rule 72(b), Plaintiffs had 14 days to file specific written objection to the Report and Recommendation. Fed. R. Civ. P. 72(b)(2). Although Plaintiffs failed to object within the specified 14 days, the Court granted Plaintiffs' motion to extend the deadline for objections. Docket No. 19. Plaintiffs' objections were entered for consideration on January 25, 2019. Docket No. 20. Therefore, the Court will conduct a *de novo* review.

### II. Analysis

This Court finds that Judge Bemporad correctly recommends dismissal under *Rooker-Feldman* of the conversion and Fourth Amendment claims against Constable Harless. This Court further finds that the Magistrate Judge properly recommends dismissal of Plaintiffs' § 1983

4

conspiracy claims against Defendants Scott and Kunde for failure to properly state a claim. Finally, because all of Plaintiffs' federal claims have been dismissed, this Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.

### A. *Plaintiffs' Complaint against Constable Harless for Unlawful Deprivation of Property and Fourth Amendment Violations*

Plaintiffs allege that Constable Harless' conduct, in executing the third forcible detainer pursuant to the judgment issued by Sachtleben, violated their Fourth and Fourteenth Amendment rights and amounted to an unlawful entry and taking of their land. Docket No. 10 at 12-13. Plaintiffs allege the forcible detainer was obtained through an abuse of process and argue that the subsequent writ of possession that issued was invalid and did not vest Constable Harless with the authority to enter onto and remove Plaintiffs from their property. *Id*. at 12.

Judge Bemporad recommended these claims be dismissed for lack of subject matter jurisdiction because they appeared to be barred under the *Rooker-Feldman* doctrine. Docket No. 2 at 3; Docket No. 11 at 5. Plaintiffs specifically objected to these findings, arguing that because "Rosanna Barrera was not a party to the third forcible detainer action which led to the eviction," the *Rooker-Feldman* doctrine should not operate to bar her Fourth Amendment claims against Constable Jimmy Harless. Docket No. 20 at 2. However, despite their filed objections, Plaintiffs omitted these claims in their Second Amended Complaint. Docket No. 21 at 17. To the extent Plaintiffs intend to continue to pursue these claims against Constable Harless, this Court nevertheless accepts Judge Bemporad's recommendations.

The *Rooker-Feldman* doctrine provides that "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Weekly v. Morrow,* 204 F.3d 613, 615 (5th Cir.2000); *see also Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) ("[F]ederal district courts lack [subject matter] jurisdiction to entertain

5

collateral attacks on state court judgments."). This doctrine applies to collateral attacks on the validity of state court judgements, judicial foreclosures, writs of execution, and related matters. *See e.g., Flores v. Citizens State Bank of Roma, Texas*, 132 F.3d 1457 (5th Cir. 1997) (applying *Rooker-Feldman* to foreclosure and writ of execution case). Moreover, because *Rooker-Feldman*'s jurisdictional bar extends to actions "inextricably intertwined"[1] with state suits, it can require dismissal of federal suits brought against private parties and state officials who were acting within the "authority granted by the state court." *Land and Bay Gauging L.L.C. v. Shor*, 623 Fed. Appx. 674, 679 (5th Cir. 2015).

Here, Constable Harless was acting pursuant to, and within the authority of, a state court order when he entered onto Plaintiff's property. As noted by Judge Bemporad, Plaintiffs' claims asserted against Constable Harless necessitate an examination of the validity of the outcome of prior state litigation (namely the issuance of the third forcible detainer), and as such are outside the scope of jurisdiction of this court. *See Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995) ("[When] the court is in essence being called upon to review the state-court decision, the court lacks subject matter jurisdiction to conduct such a review."). Furthermore, because reversal of the state court's judgment "would be a necessary part of the relief requested," the *Rooker-Feldman* doctrine divests this Court of subject-matter jurisdiction. *Magor v. GMAC Mortg., L.L.C.*, 456 F. App'x 334, 335–36 (5th Cir. 2011); *see also Exxon Mobil,* 544 U.S. at 284 ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court.").

---

[1] *See Exxon Mobil,* 544 U.S. at 286 (noting the *Rooker-Feldman* doctrine extends both to the state court judgment and to issues that are "inextricably intertwined" with the state court's decision).

Therefore, for the foregoing reasons, to the extent Plaintiffs still intend to pursue their claims against Constable Harless, this court accepts Judge Bemporad's recommendations for dismissal under the *Rooker-Feldman* doctrine.

**B. Plaintiffs' § 1983 Claim Against Defendants' Dean Cherer, Grace Kunde, and Leroy Scott**

As stated above, Plaintiffs bring a conspiracy claim under 42 U.S.C. § 1983, alleging "the state judge, opposing party(s) and the lawyers involved [in the state litigation] conspired to violate their Constitutional rights of a full and fair opportunity to litigate their claims." Docket No. 20 at 2; Docket No. 10 at 20. Plaintiffs argue "[t]he attorneys are state actors under the 'state compulsion' test" and that "[t]he State Court significantly encouraged the attorney's conduct." Docket No. 10 at 20.

Judge Bemporad, upon reviewing these arguments, recommended Plaintiffs' conspiracy claim be dismissed because Plaintiffs failed to "explain how [Defendants] qualified as state actors capable of violating constitutional rights," and further suggested that these claims may also be barred by the *Rooker-Feldman* doctrine. Docket No 11 at 3. In their reponse to Judge Bemporad's recommendations, Plaintiffs specifically objected to these findings, arguing "the Fifth Circuit has previously held that *Rooker-Feldman* does not bar a § 1983 conspiracy claim." Docket No 20 at 2 (citing *Land and Bay Gauging L.L.C. v. Shor*, 623 Fed. Appx. 674, 679 (5th Cir. 2015)).

As explained by the Supreme Court of the United States, federal courts have sometimes construed the *Rooker-Feldman* doctrine "to extend far beyond the contours of the *Rooker* and *Feldman* cases." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). Although a federal district court will be barred from considering allegations arising from an allegedly erroneous decision by a state court, the court's jurisdiction will not be barred when "a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party."

7

*Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003) (cited with approval in *Exxon Mobil*, 544 U.S. at 293 and *Truong v. Bank of America, N.A.*, 717 F.3d 377, 383 (5th Cir. 2013)).

In the present case, Plaintiffs are "alleging a conspiracy between the [Defendants] and the state-court trial judge in violation of § 1983," and are attacking not only the "state-court proceedings . . . [but also] the conduct of individuals in those proceedings." *Land and Bay Gauging*, 623 Fed. Appx. at 679.

Broadly speaking, claims of fraud and conspiracy may survive a *Rooker-Feldman* inquiry if they are made "independent of the state-court judgment" and request damages "for the injuries caused by the [Defendants'] allegedly fraudulent and conspiratorial actions, not injuries arising from the [] order itself." *Id*. at 680. However, there is "no general rule that any claim that relies on a fraud allegation is an 'independent claim' for *Rooker-Feldman* purposes." *Truong*, 717 F.3d at 383, n. 3. *Compare Magor v. GMAC Mort., L.L.C.*, 456 Fed. Appx 334, 336 (5th Cir. 2011) (*Rooker-Feldman* bars a claim that a state foreclosure judgment was procured through fraud when "reversal of the state court's foreclosure judgment would be a necessary part of the relief requested") *and Turner v. Chase*, 334 Fed. Appx. 657, 659-60 (5th Cir. 2009) (*Rooker-Feldman* bars a federal suit in which the plaintiff alleges fraud "and ultimately seeks to nullify the state court judgment averse to her") *with Land and Bay Gauging, L.L.C. v. Shor*, 623 Fed. Appx. at 680 (holding § 1983 conspiracy claim was not barred by the *Rooker-Feldman* doctrine because "the timing of the injury was before the state court entered judgment").

Assuming for argument that Plaintiffs' pleadings survive the *Rooker-Feldman* doctrine, this Court must still dismiss the § 1983 conspiracy claim because Defendants are not state actors. Thus, this Court need not decide whether Judge Bemporad was correct in recommending these

claims be dismissed under the *Rooker-Feldman* doctrine, and instead will dismiss for failure to state the necessary elements of a § 1983 claim.

A Court is required to dismiss an IFP complaint if the Court determines that it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). To properly state a claim under the Federal Rules of Civil Procedure, a plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . . labels and conclusion, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 570. A conclusory complaint, or one that fails to state material facts, may be dismissed for failure to state a claim. *Rios v. City of Del Rio*, 444 F.3d 417, 426 (5th Cir. 2006).

"Private individuals generally are not considered to act under color of law" except in "certain circumstances, such as when a private person is involved in a conspiracy or participates in joint activity with state actors." *Ballard v. Wall,* 413 F.3d 510, 518 (5th Cir. 2005). A private person may qualify as a state actor "because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id*.

In *Land and Bay Gauging, L.L.C. v. Shor*, the court held that "the conclusory allegations in [plaintiff's] complaint fall short of plausibly pleading that the only state actor, [a state court judge not listed as a party], participated in a conspiracy or joint activity with [defendant's] attorneys to deprive [plaintiff] of his constitutional rights." 623 Fed. Appx 674, 682 (5th Cir. 2015). Similarly, Plaintiffs in the present case present conclusory allegations that fall short of

9

plausibly pleading that Sachtleben conspired with Defendants Kunde and Scott to deprive Plaintiffs of their constitutional rights.

Plaintiffs point to the summary judgment hearing held on August 25, 2015 to establish their conspiracy claim. Docket No. 10 at 11. In this hearing, Sachtleben agreed to allow Defendant Kunde to address Plaintiffs' constitutional challenge to the tax limitation statue "by letter," because Plaintiffs' pleadings were amended to add this challenge within 7 days of the hearing. *See id*. at 9 ("The Court: I understand the constitutional challenge was just filed. I will make a ruling on the motion as presented by letter when I get that."). On September 4, 2015, the state court granted Chererco's summary judgment motion and ruled that Plaintiffs' claims, including their Constitutional claims, were barred by § 33.54 of the Tax Code, without holding a subsequent hearing. *Id*. at 11.

Plaintiffs allege that because no additional motion for summary judgment was filed to formally address their constitutional claims, the subsequent order deprived Plaintiffs of a "full and fair opportunity to litigate" their claims. *Id*. They further state "[t]he Court significantly encouraged Ms. Kunde to violate Plaintiff's Due Process Rights by instructing Ms. Kunde to prepare an order that reflected it's ruling" disposing of their constitutional claims without requiring an additional formal motion. *Id*. Furthermore, they allege that because Defendant Scott agreed to the order, there was a "meeting of the minds to participate in a jointly accepted plan to deprive Plaintiffs'" of these rights. *Id*. The Plaintiffs state "[t]he attorney's actions were taken under color of law becFause of the significant aid given by the Court and were overt acts in furtherance of a conspiracy." *Id*.

These facts as alleged fail to show a conspiracy among the Defendants and Sachtleben, who is the only state actor listed in the pleadings. On the contrary, these facts highlight an exercise

of judgment (in allowing Kunde to address Plaintiffs' argument by letter rather than formal motion) that was well within the reasonable limits of judicial discretion. Plaintiffs further point to Scott's comments on his conversations with Kunde and his failure to put forth special exceptions to Kunde's summary judgment motion to establish a conspiracy. *Id*. at 6-11. However, establishing coordination between Kunde and Scott, neither of whom are state actors, does not constitute a state action. *C.f. Richard v. Hoechst Celanese Chemical Group, Inc*., 355 F.3d 345, 353 (5th Cir. 2003) ("If a judge reaches a decision based on misinformation that counsel provides, the issuance of the decision does not imply that counsel acted under color of state law.").

Therefore, for the foregoing reasons, this Court accepts Judge Bemporad's recommendations regarding Plaintiffs' conspiracy claim and hereby dismisses these claims for failure to properly allege the existence of state actors.

### C. *Plaintiffs' Remaining State Law Claims Against Defendants' Cherer, Scott, and Kunde*

The court has discretionary authority to exercise or decline supplemental jurisdiction over state law claims when all other federal claims have been dismissed. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim [if] . . . the district court has dismissed all claims over which it has original jurisdiction.").

As stated above, in their Second Amended complaint Plaintiffs narrow their claims to the following: a conspiracy claim under 42 U.S.C. §1983 and state law claims for abuse of process and intentional infliction of emotional distress. Docket No. 21 at 17-19. This Court has jurisdiction to consider Plaintiffs' 42 U.S.C. § 1983 claim pursuant to 28 U.S.C. § 1331 and may consider pendent state claims pursuant to 28 U.S.C. § 1367.

For the reasons stated above, Plaintiffs' claims asserted under this Court's federal question jurisdiction are dismissed. The remainder of Plaintiffs' complaint, namely their intentional

infliction of emotional distress and abuse of process claims, are governed by state law. As a "general rule," a court will "decline to exercise jurisdiction over pendent state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial." *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999). While the rule is neither mandatory nor absolute, "[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7).

Thus, after considering all factors, including that the state claims concern state court proceedings and that this suit is in its early stages (and does not yet even have a scheduling order), this Court will decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.

## CONCLUSION

For the foregoing reasons, this Court ACCEPTS Judge Bemporad's recommendations regarding Plaintiffs' claims against Constable Harless. These claims are hereby DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of subject matter jurisdiction.

Furthermore, this Court ACCEPTS Judge Bemporad's recommendations regarding Plaintiffs' § 1983 claim. This claim is hereby DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

Finally, this Court declines to exercise supplemental jurisdiction over the remainder of Plaintiffs' state law claims. The Clerk is directed to close this case.

It is so ORDERED.

SIGNED this 25th day of April, 2019.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE